IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK EICHER and LORI EICHER,
his wife,

    Plaintiffs,

vs.

DOVER INDUSTRIES, INC.,

    Consolidated deft.

and

THE MOTCH & EICHELE COMPANY,

    Defendant and
    Third-party pltf.,

vs.

DM LIQUIDATION CORPORATION,
et al.,

    Third-party defts.

Civil Action No. 08-243

## MEMORANDUM OPINION

BLOCH, District J.

Pending before this Court is Defendant DM Liquidation Corporation's Motion to Dismiss pursuant to Fed. R. Civ. P. 9(a) and 12(b)(6) (Document No. 48). For the reasons stated below, Defendant's Motion to Dismiss will be granted.

1

I.  Background

This is a negligence/products liability case. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

Plaintiffs, Mark and Lori Eicher, allege that, on or about May 16, 2007, Mark was at work when he was injured while operating a Davenport 5 Spindle Machine. Plaintiffs further allege that Defendant Motch & Eichele Company ("Motch") sold the spindle machine to Mark's employer and that Motch breached its duties owed to Plaintiff Mark Eicher by selling the spindle machine in a defective condition. They allege that Motch was negligent in selling and/or supplying the defective machine and in failing to warn of the dangers of using the machine.[1]

Based on these alleged facts, Plaintiff Mark Eicher raises one count of products liability (Count III) and one count of negligence (Count IV). Plaintiff Lori Eicher raises one claim of loss of services, assistance, society, and consortium (Count VI). Both Plaintiffs raise one additional count (Count VII) against Motch and the other defendant formerly part of this case for joint and several breaches of Section 402A and negligence.

---

[1] An additional defendant, Brinkman International Group, Inc., was initially included as a defendant but was dismissed from the case by stipulation of the parties on April 16, 2008. Counts I, II, and V of the Complaint relate solely to this now-dismissed defendant.

Motch filed an Answer denying the material allegations of the Complaint and asserting 14 affirmative defenses. Motch also filed an Amended Third-Party Complaint against Dover Industrial Products, Inc., DM Liquidation Corporation, and Dover Corporation, claiming that, in the event that it is liable to the Plaintiffs, the Third-Party Defendants are obligated by law and contract to indemnify Motch.[2] In the alternative it alleges that, in the event of liability, these entities are jointly and severally liable over to Motch.

Third-Party Defendants Dover Industrial Products, Inc., and Dover Corporation each filed an Answer to the Amended Third-Party Complaint. Third-Party Defendant DM Liquidation Corporation ("DM") filed this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). DM argues that it lacks the capacity to be sued because Motch's claims did not arise and were not asserted within three years of DM's corporate dissolution.

## II. Standard of Review

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the applicable standard of review requires the Court to

---

[2] In the original Third-Party Complaint, Davenport Industries, LLC, was also named as a defendant, but was dismissed by stipulation of the parties on September 5, 2008. Further, Davenport Machines, which was named as a defendant in the original Third-Party Complaint, apparently changed its name to DM Liquidation Corporation. This change was reflected in the Amended Third-Party Complaint.

3

accept as true all allegations in the complaint and all inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. Rocks v. City of Philadelphia, 868 F.2d 644, 654 (3d Cir. 1989). The question before the Court is not whether Motch will ultimately prevail; rather, it is whether Motch can prove any set of facts in support of its claim that will entitle it to relief. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984). The Court may consider matters of public record without converting the motion to dismiss to a motion for summary judgment. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994).

### III. Discussion

"The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." Fed. Civ. P. 17(b). DM was a Delaware corporation, which filed a Certificate of Dissolution on December 31, 2000.[3] (Motion to Dismiss, Exhibit A.) Delaware law requires that suits must be brought against dissolved corporations within three years of the date of dissolution. 8 Del. C. § 278; U.S. Virgin Islands v. Goldman, Sachs & Co., 937 A.2d 760, 789 (Del. Ch. 2007). Plaintiffs initiated this lawsuit on February 20, 2008, raising

---

[3] Motch does not dispute the authenticity of Certificate of Dissolution or the fact that it is a public record.

4

claims that arose on or about May 16, 2007. On October 1, 2008, Motch filed its Amended Third-Party Complaint against DM.

A dissolved corporation ceases to exist on the third anniversary of its dissolution.[4] 8 Del. C. § 278.[5] During this wind-up period, the dissolved corporation may prosecute and defend suits, settle and close its business, dispose of its property, discharge its liabilities and distribute any remaining assets to its shareholders. Id. If a dissolving corporation is unable to complete this winding-up process within the three-year period, it can create a liquidating trust. 8 Del. C. §§ 280, 281(a) and (b). In addition, any creditor, stockholder or director of the corporation may apply to the Court of Chancery for the appointment of a trustee or receiver to complete "the final settlement of the unfinished business of the corporation." 8 Del. C. § 279.

Under Section 281, a dissolving corporation must provide sufficient compensation for claims not known but likely to arise after dissolution. 8 Del. C. § 281. A dissolving corporation can accomplish this by either petitioning the Court of Chancery pursuant to the procedure set forth in Section 280 or establishing

---

[4] A dissolved corporation may petition the Court of Chancery of Delaware to provide for "such longer period" in order to wind up its affairs. 8 Del. C. § 278. Plaintiff does not allege that DM petitioned for an extended period of existence. If there were such an occurrence, it would be in the public record.

[5] Section 278 also provides for a dissolved corporation's continued existence solely for the purpose of resolving any pending lawsuits that were filed within three years of the date of its dissolution.

5

a liquidating trust. 8 Del. C. §§ 280, 281(a) and (b); <u>U.S. Virgin Islands v. Goldman, Sachs & Co.</u>, 937 A.2d 760, 785-86 (Del. Ch. 2007), <u>aff'd</u>, 956 A.2d 32 (Del. 2008). "[A] liquidating trust is the successor of the corporation whose assets it administers." <u>City Investing Company Liquidating Trust v. Continental Casualty Co.</u>, 624 A.2d 1191, 1197 (Del. 1993). "Since the liquidating trust is a separate entity, but not a corporation, it is not subject to the three-year period imposed by Section 278." <u>Id.</u> The directors, officers and shareholders may be liable if the dissolving corporation does not follow the procedures set forth in Sections 280 and 281. <u>Id.</u> The potential for such liability provides "assurance that the dissolution process [does] not become a method for the avoidance by corporate officers and directors of their duty to satisfy the debts and obligations of the corporation." <u>Id.</u> at 1196.

Motch argues that DM should remain as a defendant so that it can determine whether DM followed Delaware law during its winding-up process and created a liquidating trust and also identify DM's officers, directors and stockholders in case DM failed to properly settle its affairs. The Court disagrees.

An unpublished opinion of the Third Circuit is instructive. <u>See</u> <u>Goldman, Sachs & Co.</u>, 937 A.2d at 785-86 (discussing <u>In re: Tutu Wells Contamination Litig.</u>, No. 95-7280, slip op. at 14-15 (3d Cir. Dec. 21, 1995)). In <u>Tutu Wells</u>, the

6

Third Circuit held that a dissolved Delaware corporation was without the capacity to be sued well before the litigation at issue was commenced. Id. Noting that Section 278 provides for a three-year winding-up period, the Third Circuit concluded that "any suit brought after that period must be dismissed for lack of capacity." Id. In Tutu Wells, the litigation at issue was filed approximately four years after the dissolution of the Delaware corporation, which was not joined as a third-party defendant for another three years. Id. The Third Circuit concluded that the existence of a liquidating trust did not extend the existence of the dissolved corporation. Id.

  The result can be no different here. DM is without the capacity to be sued because its three-year wind-up period has clearly expired. Therefore, it is irrelevant whether DM followed the procedures set forth in Sections 280 and 281 and whether funds were set aside to provide for foreseeable future liabilities. Furthermore, what Motch ultimately seeks, that is, to find out if there is a liquidating trust and identify DM's officers, directors and stockholders, can be accomplished without DM remaining as a defendant. A liquidating trust, if there is one, and DM's officers, directors and stockholders are all legally distinct from DM. These parties may have some theoretical exposure in this proceeding but DM does not because it "is no more." In re: Citadel Indus., Inc., 423 A.2d 500, 504 (Del. Ch. 1980).

7

## IV. Conclusion

For all of the reasons set forth herein, Defendant DM Liquidation Corporation's Motion to Dismiss is granted. An appropriate Order will be issued.

                                                         /s/ D. Lorenc

United States District Judge
(For Judge Alan N. Bloch)

Dated:     March 26th, 2009

ecf:      Counsel of record